Bryan S. Arce, Esq.
Attorney ID #: 025882009
Arcé Law Group, P.C.
*Attorneys for Plaintiff*
45 Broadway, Suite 610
New York, NY 10006
P: (212) 248-0120
F: (212) 901-2107
bryan.arce@arcelawgroup.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------X   Case No.:
QUENYETTAH RIVERS,

                    Plaintiff,

            -against-                                       **COMPLAINT**

H.H.C. CORP., individually and d/b/a MCDONALD'S,
NUOP CORPORATION, individually and d/b/a        Plaintiff Demands a
MCDONALD'S, TR II CORP., individually and d/b/a      Trial by Jury
MCDONALD'S,

                    Defendants.
------------------------------------------------------------------X

Plaintiff, by and through her attorneys, Arcé Law Group, P.C., hereby complains of the Defendants, upon information and belief, as follows:

**NATURE OF THE CASE**

1. Plaintiff complains pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), and to remedy violations of the New Jersey Law Against Discrimination and the New Jersey Common Law, based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against on the basis of her race, creed/religion, together with creating a hostile

work environment, retaliation, failing to provide a reasonable accommodation for her religious beliefs, and unlawful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §1981; 42 U.S.C. §2000e *et. Seq.*; 28 U.S.C. §1331 and §1343 and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events and omissions giving rise to the claim occurred within the District of New Jersey. 28 U.S.C. §1391(b).

5. On or about July 11, 2016, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").

6. On or about July 14, 2017, Plaintiff received a Notice of Right to Sue Letter from the EEOC for her race based claims.

7. **On or about July 14, 2017, the EEOC determined that "With regard to the religion (Muslim) discriminatory basis, [Defendants'] defense does not withstand scrutiny."** *See* **Ex. A.**

8. On or about August 16, 2017, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

9. This action is brought within ninety (90) days of the Notice of Right to Sue Letters.

## PARTIES

10. Plaintiff is a Muslim female resident of the State of New Jersey, County of Essex. As part of Plaintiff's religion, she must keep her head covered and usually wears a hijab.

11. At all times material, Defendant H.H.C. CORP., individually and d/b/a MCDONALD'S (hereinafter also referred to as "H.H.C.") was and is a domestic business corporation duly existing under the laws of the State of New Jersey.

12. At all times material, Defendant H.H.C. owned, operated, and/or managed a McDonald's restaurant located at 2404 US 22, Union, NJ 07083.

13. At all times material, Defendant NUOP CORPORATION, individually and d/b/a MCDONALD'S (hereinafter also referred to as "NUOP") was and is a domestic business corporation duly existing under the laws of the State of New Jersey.

14. At all times material, Defendant NUOP owned, operated, and/or managed a McDonald's restaurant located at 2404 US 22, Union, NJ 07083.

15. At all times material, Defendant TR II CORP., individually and d/b/a MCDONALD'S (hereinafter also referred to as "TR II") was and is a domestic business corporation duly existing under the laws of the State of New Jersey.

16. At all times material, Defendant TR II owned, operated, and/or managed a McDonald's restaurant located at 2404 US 22, Union, NJ 07083.

17. Defendant H.H.C., Defendant NUOP, and Defendant TRII are hereinafter collectively referred to as "MCDONALD'S" and/or "Defendants."

18. At all times material, Plaintiff was an employee of Defendants.

## MATERIAL FACTS

19. On or about March 10, 2016, Plaintiff applied for a job at Defendants' location at 2404 US 22, Union, NJ 07083.

20. That same day, Plaintiff interviewed with Defendants' "Manager," Ali (last name currently unknown). During Plaintiff's interview, she did not wear a hijab, however, Plaintiff had her

hair in braids and wore a scarf that covered her hair. After the interview, Ali told Plaintiff, "You got the job. Come back on March 13 at 11 AM for a second interview."

21. On or about March 13, 2016, Plaintiff reported to Defendants' restaurant for her second interview. However, neither Ali nor another manager were present to perform the interview. As a result, Plaintiff was told to come back on March 15, 2016.

22. On or about March 15, 2016, Plaintiff reported to Defendants' restaurant for her "Orientation." During Plaintiff's orientation, she did not wear a hijab, however, Plaintiff had her hair in braids and wore a scarf that covered her hair. During the orientation Defendants' "Supervisor," Robb (last name currently unknown) explained that employees get a food discount while working. **Plaintiff told Robb that "I will only eat a select amount of food off the menu because I am Muslim and I don't eat pork because of my religion." Plaintiff told Robb that she was Muslim at least four (4) times during her orientation.**

23. On or about March 19, 2016, Plaintiff reported to Defendants' MCDONALD'S to pick up her uniform **while wearing a hijab.** Robb gave Plaintiff her uniform.

24. On or about March 21, 2016, Plaintiff reported for her first day of work. Plaintiff did not wear a hijab, but again wore her hair in braids and wore a scarf that covered her hair.

25. The following day, Plaintiff reported to work for her second day. Plaintiff did not wear a hijab, however, Plaintiff had her hair in braids and wore a scarf that covered her hair.

26. On or about March 25, 2016, Plaintiff reported to work **wearing her hijab.** Plaintiff was wearing Defendants' MCDONALDS' full uniform, hat, and tucked portions of her hijab into her shirt to ensure that she was in compliance with Defendants' uniform requirements.

27. Later that day, around 6:30 PM, Defendants' "Manager," Pedro (last name currently unknown) called Plaintiff into the "Crew Room." Pedro told Plaintiff, "Your work performance is good

but you have to look like I look." Plaintiff asked Pedro what he meant by that **and Pedro pointed to Plaintiff's hijab.** Plaintiff replied, **"This is my religion."** Pedro responded, **"You cannot wear it and you cannot work with this on. You are only allowed to wear McDonald's attire."** Plaintiff again told Pedro, **"This is part of my religion."** Pedro told Plaintiff "I understand that but you cannot wear it. If you want to wear it you cannot work here."** Plaintiff then clocked out and **was told not to come to work until she took of her hijab.**

28. On or about March 30, 2016, Plaintiff called Defendants' restaurant to see if she was on the schedule. Pedro told Plaintiff that he checked the schedule and that she was indeed scheduled to work that evening. As a result, Plaintiff reported to work, **wearing her hijab.** However, when she arrived, another Manager, Tina (last name currently unknown) told Plaintiff that she was not actually on the schedule.

29. The next day, Plaintiff again reported to work wearing her hijab. Plaintiff clocked in and worked approximately five and a half (5.5) hours. However, around 4:30 AM, Ali arrived and immediately pulled Plaintiff off the cash register. In a conversation Plaintiff recorded, Plaintiff asked Ali, "Robb said I can't wear my hijab at all?" Ali replied, **"Yeah. We are only allowed to wear McDonald's attire."** Plaintiff then asked "What should I do?" Ali replied, **"Just take it off."** Plaintiff noted that **"This is part of my religion though."** Ali responded, **"I understand that and this is nothing against your religion. It is just that we can only wear McDonald's things."** Plaintiff exclaimed, **"But this is against my religion, this is discrimination."** In turn, Ali told Plaintiff, **"I don't make the rules ... You can go home and have a meeting with Robb."** Accordingly, Plaintiff clocked out.

30. On or about April 1, 2016, Plaintiff spoke with Pedro and told him, in a conversation Plaintiff recorded, that **"This is my religion and I wear my uniform so I don't understand why I can't keep my hijab with my hat over my hijab."** Pedro replied, **"We only allow the uniform to be worn."** Plaintiff explained, **"This is discrimination against my religion if you are saying I cannot come to work at all."**

31. On or about April 2, 2016, Plaintiff called McDonald's to find out if her meeting with Robb was scheduled. Plaintiff was told to report to McDonald's on April 5, 2016 at 9 AM.

32. On or about April 5, 2016, Plaintiff met with Pedro about her job status. In a conversation Plaintiff recorded, Plaintiff told Pedro she was there to discuss why she could not wear her hijab. Pedro told Plaintiff, **"The same conversation we went through already. Only McDonald's attire is allowed to be [worn] while working."** Plaintiff explained that she understood that **"But this is part of my religion. I am Muslim."** Pedro told Plaintiff that she did not wear it during the interview or orientation and **"They would have addressed it if you [wore] it during orientation."**

33. Plaintiff explained **"I had a hair wrap on"** and that **"When I have the uniform on I still have the hat covering my head. Is that a problem? Because my hijab is part of my religion and I still have my hat covering my head. My hijab is tucked into my shirt, my shirt is buttoned to the top, my tie is over my shirt and my name tag is showing. I have the full McDonald's uniform."**

34. Pedro replied, **"Again it is only an authorized McDonald's uniform while working … We cannot be more clear about that … We already talked about this a few times … Only McDonald's attire."** Pedro further said, **"Only McDonald's attire is worn here … Nobody wears scarfs here."** Plaintiff reiterated **"This is not a scarf this is a hijab."** Pedro then told

Plaintiff, **"Based on the number of situations that have happened we are going to let you go."**

35. Pedro then tried to have Plaintiff sign a termination sheet that Plaintiff would not take off her hijab because her hair was not done. Plaintiff explained **"This is not because my hair is not done, it is because it is part of my religion."** Pedro also admitted that **"Going to the first conversation that we ... when I called you into the crew room and I mentioned to you about it first you start telling me it is part of your religion."** Additionally, Defendants accused Plaintiff of "Staring at a manager in an intimidating manner." Plaintiff explained that she did not stare at anyone or intimidate anyone. Pedro finally stated, **"It is our rules, it is our policies, and they need to be followed."**

36. On or about April 5, 2016, Defendants terminated Plaintiff.

37. Defendants' stated reason for terminating Plaintiff was pretextual.

38. Defendants would not have harassed Plaintiff but for her race.

39. Defendant would not have harassed Plaintiff but for her creed/religion.

40. Defendants would not have retaliated against Plaintiff but for her opposition to, and complaints about, Defendants' unlawful employment practices.

41. Defendants failed to reasonably accommodate Plaintiff's religious beliefs.

42. As a result of Defendants' actions, Plaintiff felt, and continues to feel, extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

43. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered, and continues to suffer, severe emotional distress and physical ailments.

44. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other

compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

45. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages.

## AS A FIRST CAUSE OF ACTION
## UNDER FEDERAL LAW
## 42 U.S.C. 1981

46. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

47. 42 U.S.C. Section 1981 states in relevant part as follows:

   a. Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and to no other.

   b. "Make and enforce contracts" defined. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

48. Plaintiff, a member of the Muslim race, was discriminated against and subjected to a hostile work environment because of her race as provided under 42 U.S.C. Section 1981, along with being retaliated against for complaining about the harassment and has suffered damages as set forth herein.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII
## **DISCRIMINATION**

49. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964; 42 U.S.C. Section(s) 2000e et Seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race, and/or religion.

51. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff because of her race, creed/religion, together with creating a hostile work environment, retaliation, failing to provide a reasonable accommodation for her religious beliefs, and unlawful termination.

## AS A THIRD CAUSE OF ACTION
## UNDER TITLE VII
## **RETALIATION**

52. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

54. Defendants engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

## AS A FOURTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## DISCRIMINATION

55. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56. New Jersey Law against Discrimination section 10:5-12(a) sets forth in pertinent part as follows: "It shall be an unlawful employment practice, or as the case may be, an unlawful discrimination: a) For an employer, because of the race [and/or] creed ... of any individual ...to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

57. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff based upon her race, creed/religion, together with creating a hostile work environment, and failing to provide a reasonable accommodation for her religious beliefs.

## AS A FIFTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## RETALIATION

58. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. New Jersey's Law against Discrimination Section 10:5-12(d) sets forth in pertinent part as follows: "It shall be an unlawful discriminatory practice, or, as the case may be, an unlawful

discrimination: d) For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, any right granted or protected by this act."

60. Defendants engaged in an unlawful employment practice by retaliating, and otherwise discriminating against the Plaintiff, including, but not limited to terminating Plaintiff's employment.

61. Defendants violated all other applicable sections of N.J. Stat. §10:5-12(d) et. seq.

### AS A SIXTH CAUSE OF ACTION
### UNDER THE NEW JERSEY COMMON LAW
### WRONGFUL DISCHARGE

62. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63. Pursuant to *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58, 72 (N.J. 1980), "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy," including but not limited to "legislation; administrative rules, regulations or decisions; and judicial decisions."

64. Defendants' acts and omissions constitute a wrongful discharge in violation of public policy.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in an unlawful employment practice prohibited by 42 U.S.C. §1981, Title VII, the New Jersey Law Against Discrimination, and the New Jersey Common Law, on the basis of Plaintiff's race and/or creed/religion, together with creating a

hostile work environment, retaliation, failing to provide a reasonable accommodation for her religious beliefs, and unlawful termination;

B. Awarding damages to the Plaintiff, for all lost wages and benefits, past and future, back pay and front pay and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
October 9, 2017

                                  **ARCÉ LAW GROUP, P.C.**
                                  *Attorneys for Plaintiff*

By: _____
       Bryan S. Arce, Esq.
       Attorney ID #: 025882009
       45 Broadway, Suite 610
       New York, NY 10006
       P: (212) 248-0120
       F: (212) 901-2107
       bryan.arce@arcelawgroup.com

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Newark Area Office**

2 Gateway Center, Suite 1703
283-299 Market Street
Newark, NJ 07102-5233
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Newark Status Line: (866) 408-8075
Newark Direct Dial: (973) 645-4684
TTY (973) 645-3004
FAX (973) 645-4524

## DETERMINATION

Charge #524-2016-01343

**Charging Party**
Quenyettah Rivers
181 Park Place
Irvington, NJ 07111

**Respondent**
TR II Corporation, d/b/a McDonald's
c/o Alvaro Hasani, Esq.
Fisher & Phillips LLP
430 Mountain Ave, Suite 303
Murray Hill, NJ 07974

On behalf of the U.S. Equal Employment Opportunity Commission ("Commission"), I issue the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII). Respondent TR II Corporation is an employer within the meaning of the Title VII. All requirements for coverage have been met.

Charging Party alleges that she was discriminated against due to her race (black), religion (Muslim), and in retaliation. Specifically, she states that she requested an accommodation to Respondent's dress code policy as she wears a hijab. She states that she informed her manager, Pedro, of her religious beliefs and necessity to wear the hijab, as well as her ability to do so while maintaining the integrity of the McDonald's uniform. She alleges that her request was denied and she was discharged from her positon on April 5, 2016.

Respondent denies discriminating against Charging Party. Respondent states that Charging Party stated that she was wearing the headdress for secular reasons, specifically to manage her long hair. After she was denied the request to wear the hijab for this reason, she then stated it was for religious reasons. Respondent states that this inconsistent behavior undermines Charging Party's contention that this was a sincerely held religious belief.

The Commission is unable to conclude that the information obtained establishes a violation with respect to Charging Party's allegations that he was discriminated against on account her race and in retaliation. This does not certify that Respondent is in compliance with the statutes. If Charging Party wants to pursue this matter further, she has the right to sue the Respondent in U.S. District Court strictly pertaining to the allegations that she was discriminated and/or retaliated against. **If Charging Party decides to sue, he must sue within 90 days from receipt**

**of this notice, otherwise, the right to sue is lost.**

With regard to the religion (Muslim) discriminatory basis, Respondent's defense does not withstand scrutiny. Credible evidence supports Charging Party's contention that her manager, Pedro, was notified that she was requesting a religious accommodation to wear her hijab along with the required McDonald's uniform. Pedro denied her request and terminated her employment as a result of same.

This determination is final. Title VII requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites Respondent to join with it in an effort toward a just resolution of this matter. Enclosed is a letter outlining the proposed terms of conciliation.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with Title VII and the Commission's Procedural Regulations. The confidentiality provisions of Sections 706 and 709 of Title VII and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to enter into conciliation discussions, or when the Commission's representative is unable to secure an acceptable conciliation agreement, the Director shall so inform the parties, advising them of the court enforcement alternatives available to aggrieved persons and the Commission.

On behalf of the Commission:

John Waldinger
Area Director

JUL 1 4 2017
Date

Cc:   Gregory Kirschenbaum, Esq.